UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT JOHNSON, | Case No. 3:20-cv-00179-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| ELY STATE PRISON DENTAL EMPLOYEES, *et al.*, | |
| Defendants. | |

On March 24, 2020, this Court issued an order directing Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400 within 60 days from the date of that order. (ECF No. 3 at 2). Thereafter, on March 31, 2020, as it was determined that Plaintiff's filing at ECF No. 1-1 was an administrative claim form and not a complaint, this Court issued an order directing Plaintiff to file a complaint with this Court no later than May 22, 2020. (ECF No. 4 at 1). The 60-day period for the filing of Plaintiff's application to proceed *in forma pauperis* and the May 22, 2020 deadline for the filing of Plaintiff's complaint have both now expired. Plaintiff has not filed an application to proceed *in forma pauperis* or paid the full $400 filing fee. Plaintiff has also not filed a complaint or otherwise responded to the Court's orders. The Court will therefore dismiss this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local

rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors weigh in favor of dismissal. The third factor—risk of prejudice to Defendants—also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff to file an application to proceed *in forma pauperis* or pay the full filing fee within 60 days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 3 at 2). Further, the Court's order requiring Plaintiff to file a complaint no later than May 22, 2020 expressly stated: "IT IS FURTHER ORDERED that if Plaintiff

does not timely comply with this order, dismissal of this action may result." (ECF No. 4 at 2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders to file an application to proceed *in forma pauperis* or pay the full filing fee within 60 days and to file a complaint no later than May 22, 2020.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance with this Court's March 24, 2020 order and Plaintiff's failure to file a complaint in compliance with this Court's March 31, 2020 order.

It is further ordered that the Clerk of the Court will enter judgment accordingly and close this case.

DATED THIS 3rd day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE